UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAYMOND J. KELLER, et al., | CASE NO. C25-1005JLR |
| Plaintiffs, | ORDER |
| v. | |
| CITY OF MOUNTLAKE TERRACE, et al., | |
| Defendants. | |

## I.     INTRODUCTION

Before the court are (1) *pro se* Plaintiffs Raymond J. Keller, Jolene V. Johnson, Jeffery M. Johnson, Ryan S. Arnold, and Kelsey N. Donavan's (together, "Plaintiffs") complaint (Compl. (Dkt. # 10)) and (2) United States Magistrate Judge S. Kate Vaughan's order granting Plaintiffs' applications to proceed *in forma pauperis* ("IFP") and recommending that the court review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) (IFP Order (Dkt. # 9)). Under 28 U.S.C. § 1915(e)(2)(B), district courts

1    have authority to review IFP complaints and must dismiss them if "at any time" the court

2    determines that a complaint fails to state a claim on which relief may be granted.  28

3    U.S.C. § 1915(e)(2)(B)(ii); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)

4    (clarifying that § 1915(e) applies to all IFP proceedings, not just those filed by prisoners).

5    The court has considered Plaintiffs' complaint and determined that the allegations therein

6    fail to state a claim upon which relief can be granted.  Accordingly, the court

7    DISMISSES Plaintiffs' complaint with partial leave to amend.

8                    **II.    BACKGROUND**

9           This matter arises from Defendants the City of Montlake Terrace (the "City"), the

10   Montlake Terrace Police Department, Montlake Terrace Code Enforcement, and City

11   Attorney Hillary Evans's alleged harassment of Plaintiffs after they brought their

12   property into "full compliance with all City of Mountlake Terrace codes and ordinances"

13   on or about October 21, 2022.  (Compl. ¶ 15.)  Plaintiffs allege that Defendants circulated

14   "false documents regarding alleged nuisance conditions" on their property, causing them

15   "social isolation and reputational harm[.]"  (*Id.* ¶ 17.)   At a time not stated in the

16   complaint, Defendants allegedly "executed an illegal abatement action" during which

17   they caused property damage, removed Plaintiffs' personal property, and "cut the main

18   cable wire to Plaintiffs' house with a chainsaw[.]"  (*Id.* ¶¶ 19-27.)  Plaintiffs further

19   allege that Defendants threatened them with jail time, surveilled their property without

20   authorization, and defamed them to guests and visitors.  (*Id.* ¶¶ 26-29.)  Plaintiffs now

21   raise constitutional claims against Defendants pursuant to 42 U.S.C. § 1983 (Counts II,

22   III, V, VI, VII, X) along with state-law claims for illegal abatement under RCW 7.48.230

1    (Count I) and defamation (Count VIII).  (*See id.* ¶¶ 25-71.[1])  They seek damages of $50

2    million.  (*Id.* ¶ 46.)

3    ### III.    ANALYSIS

4        Title 28 U.S.C. § 1915(e)(2)(B) authorizes a district court to dismiss a claim filed

5    IFP "at any time" if it determines (1) the action is frivolous or malicious; (2) the action

6    fails to state a claim; or (3) the action seeks relief from a defendant who is immune from

7    such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  Because Plaintiffs are proceeding *pro se*, the

8    court must construe their pleadings liberally.  *See McGuckin v. Smith*, 974 F.2d 1050,

9    1055 (9th Cir. 1992).  Nevertheless, dismissal is proper when there is either a "lack of a

10   cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

11   theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  The

12   complaint must contain factual allegations sufficient "to raise a right to relief above the

13   speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although

14   "detailed factual allegations" are not required, the plaintiff must allege more than "an

15   unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556

16   U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (requiring the plaintiff to

17   "plead[] factual content that allows the court to draw the reasonable inference that the

18   defendant is liable for the misconduct alleged"); *see* Fed. R. Civ. P. 8(a)(2) (requiring a

19   pleading to contain "a short and plain statement of the claim showing that the pleader is

20   entitled to relief").  The court reviews Plaintiffs' claims below.

21

22       [1] Plaintiffs' complaint does not include a Count IV or a Count IX.  (*See generally id.*)

**A.    Section 1983 Claims**

To state a claim under § 1983, Plaintiffs must plausibly allege (1) that they suffered a violation of rights protected by the Constitution or created by federal statute and (2) the violation was proximately caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  Thus, Plaintiffs must include in their complaint short, plain statements specifying:  (1) the constitutional right Plaintiffs believe was violated; (2) the name or names of the person, persons, or entity who violated the right; (3) exactly what each individual or entity did or failed to do and when they did or failed to do it; (4) how the action or inaction of each individual or entity is connected to the violation of Plaintiffs' constitutional rights; and (5) what specific injury Plaintiffs suffered because of the individuals' conduct.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

> 1.    Section 1983 Claims against the Mountlake Terrace Police Department and Mountlake Terrace Code Enforcement

As a general matter, only certain entities may be sued under § 1983 for constitutional violations, even for conduct that occurs under color of state law.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978) ("municipalities and other local government units . . . [are] among those persons to whom § 1983 applies."); *see also Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997).  Neither the Mountlake Terrace Police Department nor Mountlake Terrace Code Enforcement is a "person" that can be sued under § 1983.  *See Saved Mag. v. Spokane Police Dep't*, 505 F. Supp. 3d 1095, 1105 (E.D. Wash. 2020), *aff'd*, 19 F.4th 1193 (9th Cir. 2021); *see also Maclay v. Cty. of*

1    *Spokane*, No. 14-cv-91-RMP, 2014 WL 7336903, at *5 (E.D. Wash. Dec. 22, 2014)

2    (collecting cases from federal district courts in Washington holding that Washington

3    municipal police and sheriff's departments are not legal entities subject to suit).

4    Therefore, the court DISMISSES Plaintiffs' constitutional claims against these agencies.

5         2.    Section 1983 Claim against the City

6         Although a municipality may be sued under § 1983, it cannot be held liable for

7    such a claim absent a municipal policy or custom that caused the plaintiff's injury.

8    *Brown*, 520 U.S. at 403 (citing *Monell*, 436 U.S. at 691-94).  A municipality may not be

9    held vicariously liable for the acts of its employees.  *Brown*, 520 U.S. at 403.  Here,

10   Plaintiffs do not allege that their injuries were the result of any specific City policy or

11   custom.  (*See generally* Compl.)  Therefore, the court DISMISSES Plaintiffs'

12   constitutional claims against the City.

13        3.    Section 1983 Claim against Ms. Evans

14        To state a claim under § 1983, a plaintiff must allege (1) that he or she suffered a

15   specific injury as the result of the conduct of a specific defendant, and (2) facts showing

16   how each defendant caused or personally participated in causing the harm alleged.  *See*

17   *Rizzo*, 423 U.S. at 370-72, 377.  Although Plaintiffs name Ms. Evans as a Defendant, they

18   do not allege that she engaged in any conduct that caused them injury.  (*See generally*

19   Compl.)  Therefore, the court DISMISSES Plaintiffs' constitutional claims against Ms.

20   Evans.

21

22

1

**B.     State-Law Claims**

2

    <u>1.</u>     <u>Failure to File Tort Claim</u>

3

      Washington's claims presentment statute prohibits the filing of any state-law

4

action for damages against local government entities and their "officers, employees, or

5

volunteers, acting in such capacity" until 60 days after the claimant has filed a notice of

6

tort claim with the appropriate designee.  RCW 4.96.020(2).[2]  Although the statute is

7

liberally construed, it requires that claims for damages be presented on the standard tort

8

claim form or an alternative form created by the local government entity.  RCW

9

4.96.020(3), (5).  "A court must dismiss any action commenced in violation of a

10

statutorily mandated claim filing condition precedent."  *Westway Const., Inc. v. Benton*

11

*Cty.*, 136 Wn. App. 859, 867 (Wash. Ct. App. 2006).  Here, Plaintiffs have not alleged

12

that they filed a notice of tort claim with the City 60 days before filing this lawsuit.

13

Accordingly, the court DISMISSES Plaintiffs' state-law claims for failure to exhaust.

14

    <u>2.</u>     <u>Defamation</u>

15

      Even if Plaintiffs had filed a notice of tort claim, the court would still dismiss their

16

defamation claim for failure to state a claim.  In Washington, a plaintiff suing for

17

defamation must plausibly allege:  (1) the defendant made a false statement that presents

18

a substantial danger to the plaintiff's personal or business reputation, (2) the false

19

statement was published, (3) the defendant is at fault, and (4) the statement proximately

20

caused damages.  *Duc Tan v. Le*, 300 P.3d 356, 363 (Wash. 2013) (citation omitted);

21

22

      [2] The notice of tort claim provisions do not apply to Plaintiffs' § 1983 claims.  *Felder v. Casey*, 487 U.S. 131, 133 (1988).

1     *Wood v. Battle Ground Sch. Dist.*, 27 P.3d 1208, 1219 (Wash. Ct. App. 2001). Here,

2     Plaintiffs allege that

> Defendants defamed Plaintiffs by telling guests and visitors that Plaintiffs'
> home was a 'drug house' and threatening to arrest anyone who returned to
> the 'home of ill repute,' falsely claiming prostitution was occurring on the
> property. As a result of Defendants' defamatory statements, Plaintiffs lost
> social connections and no longer receive visitors at their home.

6     (Compl. ¶¶ 29-30.) To state a defamation claim, Plaintiffs must allege who made each

7     allegedly false statement and which Plaintiff or Plaintiffs the speaker was referring to

8     when he or she made the statement. Plaintiffs do neither. Accordingly, the court

9     DISMISSES Plaintiffs' defamation claim.

10        3.    <u>Illegal Abatement</u>

11        Finally, even if Plaintiffs had filed a notice of tort claim, their claim for illegal

12     abatement under RCW 7.48.230 would also be subject to dismissal. (*See* Compl.

13     ¶¶ 25-30.) That statute, commonly known as the "self-help statute," provides that "[a]ny

14     person may abate a public nuisance which is specially injurious to him by removing, or if

15     necessary, destroying the thing which constitutes the same, without committing a breach

16     of the peace, or doing unnecessary injury." RCW 7.48.230; *see Nystrand v. O'Malley*,

17     375 P.2d 863, 864 (Wash. 1962). The court has not found any case law authorizing a suit

18     for damages under RCW 7.48.230, although in at least one case, the defendant in a

19     trespass action raised the self-help statute as a defense. *See Nystrand*, 375 P.2d at 864.

20     Because no Washington case has endorsed a private right of action for violations of RCW

21     7.48.230, the court DISMISSES Plaintiffs' unlawful abatement claim.

22

## C.    Leave to Amend

Under Federal Rule of Civil Procedure 15(a), district courts are ordinarily to "freely give" leave to amend a claim subject to dismissal.  Fed. R. Civ. P. 15(a)(2). Leave to amend is not required, however, where amendment would be futile, such as when the pleading could not possibly be cured by further factual allegations.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Ebner v. Fresh, Inc.*, 838 F.3d 958, 968 (9th Cir. 2016).

Here, the court DENIES Plaintiffs leave to amend their § 1983 claims against the Mountlake Terrace Police Department and Mountlake Terrace Code Enforcement because these agencies are not proper defendants in a § 1983 case.  The court also DENIES Plaintiffs leave to amend their illegal abatement claim under RCW 7.48.230 because that statute does not authorize a private right of action.  As a result, amendment of these claims would be futile.  These claims are, therefore, DISMISSED with prejudice.

However, the court GRANTS Plaintiffs leave to amend their § 1983 claims against the City and Ms. Evans and their defamation claim.  Plaintiffs are DIRECTED to carefully review this order and ensure that their amended complaint, if any, cures the defects discussed above.  With respect to their defamation claim, Plaintiffs must include allegations demonstrating that they properly filed a notice of tort claim at least 60 days before filing this lawsuit.

## IV.    CONCLUSION

For the foregoing reasons, the court DISMISSES Plaintiffs' complaint (Dkt. # 10). Plaintiffs' § 1983 claims against the Mountlake Terrace Police Department and Mountlake Terrace Code Enforcement and Plaintiffs' illegal abatement claim under RCW

7.48.230 are DISMISSED with prejudice and without leave to amend.  Plaintiffs'

remaining claims are DISMISSED with leave to file an amended complaint that corrects

the deficiencies identified herein by no later than **October 21, 2025**.  Failure to file an

amended complaint by this deadline will result in the dismissal of this action.

Dated this 23rd day of September, 2025.

JAMES L. ROBART
United States District Judge

ORDER - 9